**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1411

GUARDIAN TAX SC, LLC,

       Plaintiff - Appellant,

      v.

RALPH DAY, a/k/a Ralph M. Day, Sr.; VIRGINIA DAY, a/k/a Virginia D. Day; BANK OF NEW YORK MELLON, f/k/a Bank of New York, as Trustee for CWHEQ Revolving Home Equity Loan Trust, Series 2007-A; UNITED STATES OF AMERICA, by and through its agency, The Internal Revenue Service; CHARLESTON COUNTY, SOUTH CAROLINA; DANIEL M. GREGORY, in his official capacity as the Charleston County Delinquent Tax Collector,

       Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Bruce H. Hendricks, District Judge.  (2:18-cv-01686-BHH)

Argued:  January 27, 2022              Decided:  August 23, 2022

Before KING, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Matthew Adams Abee, NELSON MULLINS RILEY & SCARBOROUGH, LLP, Columbia, South Carolina, for Appellant.  Julie Ciamporcero Avetta, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.  **ON BRIEF:** Reed J. Hollander, D. Martin Warf, NELSON MULLINS RILEY & SCARBOROUGH

LLP, Raleigh, North Carolina, for Appellant. David A. Hubbert, Acting Assistant Attorney General, Joan I. Oppenheimer, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; M. Rhett DeHart, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee United States.    Natalie Armstrong Ham, Bernard E. Ferrara, Jr., Kevin M. DeAntonio, CHARLESTON COUNTY ATTORNEY'S OFFICE, North Charleston, South Carolina, for Appellees Daniel Gregory and Charleston County.   Sean M. Foerster, ROGERS TOWNSEND, LLC, Columbia, South Carolina, for Appellee Bank of New York Mellon.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After Ralph and Virginia Day (the "Days") failed to pay their property taxes to Charleston County, South Carolina (the "County"), for a property they owned there (the "Property"), the County sold the Property at a tax sale to Guardian Tax SC, LLC ("Appellant"). Appellant discovered after purchasing the Property that the Property was also subject to a mortgage the Days held with the Bank of New York Mellon (the "Bank") as well as federal tax liens for the Days' unpaid federal income taxes.

Accordingly, Appellant brought a quiet title action in an attempt to own the Property free of the other interests. Appellant argued that the Bank was not entitled to the surplus proceeds from the tax sale. It also asserted that the tax sale discharged the federal tax liens, but if it did not, as an equitable alternative, the United States should have 120 days in which to redeem the Property. The district court rejected Appellant's arguments.

On appeal, Appellant challenges the district court's conclusions that the federal tax liens were not discharged by the tax sale and that there was no equitable reason to open the redemption period. We affirm. We hold that the federal tax liens were not discharged because the United States did not receive proper notice of the tax sale. We further hold that because the United States did not receive such notice, the redemption period never began to run. Lastly, we hold that Appellant is not entitled to equitable relief in the form of a redemption period for its failure to discover the interest of the United States until after it purchased the Property.

3

I.

The Days initially purchased the Property in August 1991.  They granted the Bank a mortgage interest in the Property in September 2006.  Around that same time, between 2005 and 2007, the Days failed to pay their federal income taxes.  And between 2010 and 2015, they failed to pay their taxes on the Property to the County.  Therefore, in 2016, the Days owned the Property subject to three interests: (1) the County's tax lien; (2) the Bank's mortgage; and (3) the federal tax liens.  By operation of state law, the County's tax lien took first priority.  *See* S.C. Code § 12-49-10.  Because the federal tax liens were noticed and recorded after the mortgage, the mortgage had a higher priority than the federal tax liens.

The County executed on its lien and sold the Property to Appellant at a tax sale auction on October 31, 2016.  The County did not specifically notify the Bank or the United States prior to the tax sale, but it did publicize the tax sale in the local newspaper for three weeks prior to the auction in accordance with South Carolina law.  *See* S.C. Code § 12-51-40(d).  Appellant's purchase of the Property at the tax sale satisfied the County's tax lien and generated approximately $1.6 million in excess proceeds.  After the sale, the County conducted a title search for the Property, which revealed that the interests of the Bank and the United States remained on the Property.   At the time of the tax sale, the Days owed approximately $3.5 million to the Bank, and their federal tax liabilities totaled approximately $2.9 million.

In accordance with South Carolina law, the County notified the Days and the Bank of the sale of the Property and informed them that the one-year statutory redemption period

4

would expire on November 1, 2017. *See* S.C. Code § 12-51-90(A) (providing that "[t]he defaulting taxpayer . . . or any mortgage or judgment creditor" may "redeem each item of real estate" subject to a tax sale "by paying . . . assessments, penalties, and costs, together with interest"); *id.* § 12-51-100 (providing that tax sale is cancelled and purchase price refunded in event of redemption). The County did not notify the United States of the redemption period, nor did it inform Appellant about the results of its title search or of the notices it sent to the Days and the Bank.

Neither the Days nor the Bank exercised the option to redeem the Property. Accordingly, after the expiration of the redemption period, the County issued the tax deed to Appellant. At some point thereafter, Appellant conducted its own title search and discovered the interests of the Bank and the United States in the Property. Then, on May 8, 2018, Appellant filed a quiet title action in South Carolina state court to extinguish those interests. The United States timely removed the action to federal district court.

After discovery, Appellant, the Bank, and the United States filed competing motions for summary judgment. Appellant argued, among other assertions, that it, not the Bank, should be awarded the surplus proceeds from the tax sale. Appellant also argued that the federal tax liens were invalid and the United States was not entitled to any notice of the tax sale, or, in the alternative, the United States should be awarded 120 days in which to redeem the Property.

The district court agreed with the Bank that the Bank was entitled to the surplus proceeds from the tax sale pursuant to the terms of the Bank's mortgage agreement with the Days. The district court further agreed with the United States that the federal tax liens

5

were valid and not discharged by the tax sale because the United States did not receive proper notice of the tax sale. Finally, the district court determined that providing a 120 day redemption period for the United States to redeem the Property was not appropriate.

Appellant timely appealed only the district court's award of summary judgment to the United States.

## II.

We review the district court's award of summary judgment de novo, "applying the same legal standards as the district court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Eline v. Town of Ocean City*, 7 F.4th 214, 220 (4th Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

### A.

As an initial matter, Appellant argues for the first time on appeal that the tax sale was judicial, and, therefore, the United States was not entitled to notice of the tax sale beyond being named as a party to the quiet title action. If the United States is joined as a party in a judicial sale, that is, a court-ordered sale of property, then the federal tax lien on the subject property is extinguished because the joinder serves as adequate notice to the United States of the sale. *See* I.R.C. § 7425(a). However, if the sale is non-judicial, the United States must receive proper notice of the tax sale at least 25 days before the sale, or the purchase will be subject to the federal tax lien. *See id.* § 7425(b)(1). Such notice must

be "given . . . in writing, by registered or certified mail or by personal service." *Id.* § 7425(c)(1).

Below, neither party disputed that the tax sale in this case was non-judicial. Therefore, the district court operated under the premise that the sale was a non-judicial sale. But Appellant now argues on appeal that the sale was judicial. Appellant reasons that pursuant to South Carolina law, the only method by which the United States' interest in the Property could be extinguished was through a quiet title action, which is a judicial action. Thus, according to Appellant, because the United States is a party to this case, the United States necessarily had adequate notice of the tax sale, and the federal tax liens should be discharged.

Failure to raise an issue before the district court in the first instance generally waives consideration of that issue before this court. *See Kadel v. N.C. State Health Plan for Teachers & State Emps.*, 12 F.4th 422, 430–431 (4th Cir. 2021) (holding that party's "silence" on issue below waives argument because district court would reasonably believe issue undisputed). "Exceptions to this rule exist only in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or result in a miscarriage of justice." *Id.* Appellant does not argue that any of the very limited exceptions to the general rule of waiver apply here, and we discern that none apply. Therefore, Appellant has forfeited its argument that the tax sale was judicial.

Moreover, Appellant does not dispute that if the notice requirement for non-judicial sales contained in § 7425(b)(1) applies, the United States did not receive adequate notice. Because any argument with regard to the application of § 7425(a) is forfeited, and

7

Appellant concedes the inadequacy of the § 7425(b)(1) notice, we affirm the district court's holding that the United States did not receive adequate notice of the tax sale. Therefore, the federal tax lien on the Property was not extinguished.

B.

Having determined that the tax sale at issue in this case was non-judicial and that the federal tax liens were not discharged because the United States did not receive adequate notice of the sale, we now turn to Appellant's alternative argument that equity required the district court to institute a 120 day redemption period within which the United States could redeem the Property. Appellant reasons that not allowing the United States an opportunity to redeem the Property would lead to the unfair result of elevating the priority of the federal tax liens above that of the County's lien, which Appellant satisfied via its winning bid in the tax sale. According to Appellant, the United States should be placed in the same position it would have been if it had received sufficient notice of the tax sale. But pursuant to I.R.C. § 7425(d)(1), the 120 day redemption period begins to run only when the United States has received the statutorily required notice. Since the United States did not receive such notice in this case, the redemption period never began to run, and the United States was not obligated to redeem the Property or surrender its interest.

Appellant further argues that South Carolina equitable principles apply because the Property is located in South Carolina and the underlying quiet title action is equitable. According to Appellant, South Carolina law governing tax sales and equity dictates that the district court should have accorded the United States 120 days to redeem the Property. The district court rejected these arguments, reasoning that "because § 7425 provides a

8

specific and comprehensive scheme for the enforcement of federal tax liens, it naturally preempts any state law purporting to discharge a federal tax lien without notice." *Guardian Tax SC, LLC v. Day*, 554 F. Supp. 3d 785, 793 (D.S.C. 2020). We agree with the district court that § 7425 exclusively governs the enforceability of federal tax liens and that state law controls only when § 7425 directs. As such, South Carolina law does not afford Appellant the equitable remedy it seeks.

More importantly, we agree with the district court that there is "nothing inequitable about the outcome required by § 7425 because [Appellant] easily could have avoided it by engaging in due diligence prior to the Tax Sale." *Guardian Tax*, 554 F. Supp. 3d at 793. Indeed, Appellant failed to conduct its own title search on the Property prior to the tax sale despite the rather minimal burden to do so. Equity will not spare Appellant the consequences of its lack of due diligence.

IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*

9